UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

RANDY A. BAUSCHER

          Plaintiff,

v.

BROOKSTONE SECURITIES, INC., a Florida corporation, JESSE KRAPF, an individual, and DOES 1-10,

          Defendants.

Case No. 4:12-cv-00028-BLW

MEMORANDUM DECISION AND ORDER

## INTRODUCTION

Pending before the Court is plaintiff Bauscher's motion to remand. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Bauscher filed this case against Jesse Krapf and Brookstone Securities, Inc. ("Brookstone") in Idaho State Court on December 6, 2011. Brookstone was served on December 9, 2011, and Krapf's counsel accepted service on his behalf on December 22, 2011.

On January 20, 2012, Krapf removed the case to this Court, and Brookstone joined in the notice of removal. On January 27, 2012, Bauscher filed his motion to remand, arguing that the notice of removal was untimely, and that the thirty-day period

**Memorandum Decision & Order – page 1**

for removing a case began to run from the date that Brookstone was served, not the date that counsel accepted service on behalf of Krapf.

## ANALYSIS

Under 28 U.S.C. § 1446(b), the time period for removal of a case from state court to federal court is 30 days from the date of service of process. The current version of § 1446(b) states that the 30-day period begins to run from the date the last defendant is served.

In this case, the last defendant was served on December 22, 2011, and the case was removed 29 days later on January 20, 2012. Thus, the removal was clearly timely under the 30-day deadline set by the current version of § 1446(b). However, that version of the statute was just recently passed and does not apply to cases that were commenced in state court prior to the effective date of the Act, which was January 7, 2012. *See Pub.L. No.* 112–63 (H.R. 394) § 104.

This case was filed about a month prior to that effective date, and so the Court must apply the old version of § 1446(b). The result is the same, however, because the Ninth Circuit has interpreted that version of the statute to adopt the last-served defendant rule. *Destfino v. Reiswig,* 630 F.3d 952 (9th Cir. 2011) (holding that "[w]e adopt the later-served rule as the wiser and more equitable approach").

Bauscher argues that even if the last-served defendant rule applies, Krapf's removal was still untimely because he had notice of the case prior to December 22, 2011.

**Memorandum Decision & Order – page 2**

Bauscher points to Krapf's financial disclosures filed with the Financial Industry Regulatory Authority (FINRA), in which Krapf disclosed that he had been sued by Bauscher. *See Attachment 1, Exhibit A (docket no. 8).* On pages 17-18 of this form, Krapf indicates that December 12, 2011 was the "date notice/process was served." *Id.*

While the meaning of this designation on the FINRA disclosure is unclear, at most it can only mean that Krapf had notice of Bauscher's lawsuit on December 12, 2011 – even Bauscher does not argue that he formally served Krapf at any time prior to December 22, 2011. Mere notice of the lawsuit – prior to formal service – is clearly not enough to trigger the start of the 30-day removal period under § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999). In that case, the Supreme Court held that receipt of a "courtesy copy" of the complaint did not start the running of the 30-day removal period because"[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." Because Krapf was not formally served until December 22, 2011, the 30-day removal period did not begin to run until that date.

Bauscher also argues that the later service on Krapf did not extend the 30-day removal period because Brookstone and Krapf are represented by the same law firm and therefore have an identity of interests that renders reliance on separate removal deadlines inappropriate. While *Destfino* holds that a defendant in Brookstone's position is not entitled – by virtue of the later service on a co-defendant – to a new 30-day period in

**Memorandum Decision & Order – page 3**

which to file its own notice of removal, Brookstone did not initiate the removal in this case; it simply joined in Krapf's notice of removal. *Destfino* recognized this as proper when it stated that "[t]here is no reason to lock an earlier-served defendant out of the federal forum, if he later chooses to consent [to a co-defendant's later-filed removal notice]." *Destfino*, 630 F.3d at 956.

Moreover, courts following the last-served defendant rule do not make an exception in cases of joint representation. *See, Bailey v. Janssen Pharmaceutica, Inc.,* 536 F.3d 1202, 1204 (11th Cir. 2008) (holding that removal was timely under last-served defendant rule in a case where all defendants were represented by the same attorney); *Orlick v. J.D. Carton & Son, Inc.,* 144 F.Supp.2d 337, 343, n.6 (D.N.J. 2001) (holding that fact of joint representation by first and last served defendants does not affect the timeliness analysis). Nor is this Court willing to presume that jointly- represented parties will always have identical preferences about every procedural issue that might arise during the course of litigation. Finally, the Court notes that because no action was taken by Brookstone in Idaho state court, this case does not present a situation where a party attempted to join in the removal of a later-served defendant after actively participating in litigation in state court for an extended period of time. *See, e.g. Cantrell v. Great Republic Ins. Co.,* 873 F.2d 1249 (9th Cir. 1989). The Court therefore sees no reason to deviate from the general rule articulated in *Destfino* that the removal period begins to run only when the last defendant is served.

**Memorandum Decision & Order – page 4**

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to remand (docket no. 4) be DENIED.



DATED:  **April 26, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge